UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD MCLAUGHLIN,            :

        Plaintiff,            :         ORDER

 -v.-                                                 :
                                                                     08 Civ. 1575(SAS) (GWG)

METRO-NORTH COMMUTER RAILROAD,   :

        Defendant.           :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      By Order dated July 7, 2008, the Court required each party in this matter to make certain written submissions to the Court on or before July 31, 2008 in anticipation of a settlement conference scheduled for August 5, 2008. That conference date was adjourned at the parties' request to August 29, 2008. Under the terms of the July 31, 2008 Order, the submissions were due on August 26, 2008.

      While the plaintiff timely made his submission, no such submission was received from the defendant. When, on August 27, the Deputy Clerk called defendant's counsel to alert him to this failure, he sent a letter seeking to adjourn the conference based on the fact that certain discovery in this case had not yet been completed.[1] Prior to the date of this letter, the defendant at no time requested an adjournment of the conference nor did it seek to adjourn the deadline for making the required written submissions.

      Paragraph 8 of the Standing Order in Cases Referred for Settlement required that defendant's counsel make any application for an adjournment "as soon as counsel becomes aware of the need for the change." It is obvious from his August 27 letter that counsel was aware of the need for the adjournment long ago. It represents a great inconvenience to the Court to have been required to hold a block of time for a conference only to be forced to cancel it at the last moment – here, two business days before. This block of time was not available for the scheduling of other important matters that require the attention of this Court. In addition, because of the courtroom sharing plan in effect while the old courthouse is being renovated, counsel's failure prevented other judges of this Court from using valuable courtroom space.

      As it appears that the defendant failed to comply with the terms of the Standing Order in Cases Referred for Settlement, as incorporated by the July 31, 2008 Order, counsel for defendant is ORDERED to set forth his views on whether in fact there has been a violation of the Court's Order and, if such violation is conceded, to offer any explanation as to why sanctions should not

---

[1] Notably, this letter fails to comply with the requirements of Paragraph 8 of the Standing Order in Cases Referred for Settlement.

be imposed either based on Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927, or the inherent powers of the Court. Such a showing shall be made by affidavit filed <u>on or before September 10, 2008.</u> Opposing counsel may file an affidavit on or before the same date if counsel wishes to be heard on the matter. Courtesy copies of any papers shall be sent or, if shorter than 10 pages, faxed to the undersigned.

The Court will thereafter issue a written order in the event a sanction is imposed.

The Court grants the parties request to adjourn the settlement conference. As soon as both sides are prepared to participate in a conference, counsel for the defendant is directed to send a letter to the Court so stating.

SO ORDERED

Dated: New York, New York
August 27, 2008

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge